**Vicki Lynn (Schaumann) HONEY, Plaintiff—Appellee,**

v.

**ESTATE OF Gary SCHAUMANN; Tatiana Schaumann; Schaumann Communications Corporation, a California Corporation; Schaumann Communications Services, Inc.; the Schaumann Communications Group, Inc., Defendants—Appellants.**

No. 03–55307.

D.C. No. CV–01–11179–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 3, 2004.

Decided Dec. 9, 2004.

J. Brian Watkins, Watkins & Watkins, Glendora, CA, for Plaintiff–Appellee.

Einar W. Johnson, Johnson & Associates, Torrance, CA, for Defendants–Appellants.

Before SCHROEDER, Chief Judge, GOULD, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Appellants Tatiana Schaumann, The Schaumann Communications Group, Inc., and Schaumann Communications Services, Inc., (collectively "Schaumann"), appeal the district court's denial of their request for attorneys' fees. Schaumann argues that they are entitled to attorneys' fees under California Civil Code § 1717, as the prevailing parties in the underlying suit by Vicki Lynn Honey against Schaumann for breach of the Marital Settlement Agreement. The district court held that the agreement had merged into the subsequent judgment of dissolution of marriage, and granted Schaumann's motion for summary judgement. The court determined that Schaumann was entitled to costs but denied Schaumann attorneys' fees because the prior contract no longer existed as a result of the judgment. Thus, in this suit, neither party could have been entitled to fees under the contract.

California Civil Code § 1717 provides that "the party who is determined to be the party prevailing on the contract ... shall be entitled to reasonable attorney's fees in addition to other costs." However, the statute also provides that a court may "determine that there is no party prevailing on the contract." *Id.* The California Supreme Court has held that "a party is entitled to attorney fees under section 1717 'even when the party prevails on the grounds the contract is inapplicable, invalid, unenforceable or nonexistent, if the other party would have been entitled to attorney's fees had it prevailed.'" *Hsu v. Abbara,* 9 Cal.4th 863, 870, 39 Cal.Rptr.2d 824, 891 P.2d 804 (1995)(quoting *Bovard v. American Horse Enter., Inc.,* 201 Cal. App.3d 832, 247 Cal.Rptr. 340, 346 (App. 1988)).

Here, the district court correctly stated that this case does not involve a determination that the Marital Agreement was "inapplicable, invalid, unenforceable or nonexistent" but rather that it had merged into the judgment of dissolution. Neither

party could have received fees under the contract because it had merged into the Agreement.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.